UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-mj-02641-Sanchez

UNITED STATES OF AMERICA

v.

JAIME BAIRES,

      **Defendant.**
_____/

FILED BY O.G. D.C.
Apr 2, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? No.

2. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No.

3. Did this matter involve the participation of or consultation now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No.

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No.

                Respectfully submitted,

                HAYDEN P. O'BYRNE
                UNITED STATES ATTORNEY

By:   /s/ *Christopher Jones*
       Christopher Jones
       Assistant United States Attorney
       Court ID No. A5503315
       99 N.E. 4th Street, 6th Floor
       Miami, FL 33132
       (305) 961-9161
       Christopher.Jones4@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) |
| | ) Case No. 25-mj-02641-Sanchez |
| JAIME BAIRES, | ) |
| | ) |
| | ) |
| *Defendant.* | |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of   12/10/2024-4/1/2025   in the county of   Miami-Dade   in the
  Southern   District of   Florida  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841 | Possession with Intent to Distribute a Controlled Substance |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

*Complainant's signature*

Alan Barnett, Special Agent HSI
*Printed name and title*
(No. 9860)

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by   Face Time

Date:  April 2, 2025

*Judge's signature*

City and state:   Miami, Florida       Honorable Eduardo I. Sanchez, United States Magisrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Alan Barnett, being duly sworn, hereby depose and state the following:

## INTRODUCTION

1. I am a Special Agent with Homeland Security Investigations ("HSI") and have been so employed since 2020. As a Special Agent, my responsibilities include, conducting investigations of money laundering, manufacturing, distributing or possession of controlled substances, importation of controlled substances, smuggling of goods into the United States, and related offenses.

2. I have been trained in conducting investigations related to narcotics smuggling, interdiction and distribution activities. I am currently assigned to the Border Enforcement Security Taskforce, where I conduct investigations related to violations of Titles 8, 18, 19, 21 and 31 of the United States Code.

3. This affidavit is submitted in support of a criminal complaint that charges Jaime BAIRES with knowingly committing a violation of Title 21, United States Code, Section 841 (Possession with Intent to Distribute a Controlled Substance).

4. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the criminal complaint against BAIRES, it does not contain all the information known to me and other law enforcement officers involved in this investigation. The facts and information contained in this affidavit are based on my personal knowledge and observations, as well as information received in my official capacity from other individuals, including other law enforcement officers and people with knowledge of the case.

**PROBABLE CAUSE**

5. On or about December 10, 2024, at approximately 8:00 p.m., a confidential informant (the "CI") telephonically contacted BAIRES at phone number (786) 319-2942 to arrange/schedule a purchase of cocaine from BAIRES. Law enforcement records checks revealed phone number (786) 319-2942 is registered to BAIRES. The CI and BAIRES agreed to conduct a transaction for a quarter kilogram (250 grams) of cocaine for $5,800, at BAIRES's residence located at 1750 NW 27th Ave, Apartment 707, Miami, FL, 33125.

6. On or about December 11, 2024, law enforcement officers utilized the CI to conduct a controlled purchase of approximately 255 grams of cocaine for $5,800 from BAIRES inside of his residence. At approximately 5:45 p.m., law enforcement officers established surveillance positions on the inner and outer premises at the BAIRES residence. At approximately 5:50 p.m., the CI telephonically contacted BAIRES at phone number (786) 319-2942. The CI confirmed with BAIRES that he was inside his residence. At approximately 6:10 p.m., law enforcement officers observed the CI enter BAIRES's residence. While inside the BAIRES residence, the CI utilized audio and video recording equipment to record.

7. While inside the BAIRES residence, the CI and BAIRES confirmed the transaction would be for approximately 255 grams of cocaine. In the kitchen of the BAIRES residence, BAIRES broke off approximately 255 grams of suspected cocaine from a larger brick shaped portion of suspected cocaine. BAIRES then weighed the suspected cocaine on a scale and placed the suspected cocaine in a clear Ziploc bag. BAIRES asked the CI if the CI wanted to purchase marijuana along with the suspected cocaine, which the CI declined. The CI handed BAIRES $5,800 of purchase of evidence funds. BAIRES then handed the CI the clear Ziploc bag containing

the suspected cocaine. At approximately 6:19 p.m., law enforcement officers observed the CI exit BAIRES's residence with the suspected narcotics.

8. Law enforcement officers took possession of the suspected narcotics. At approximately 6:45 p.m., law enforcement officers field tested the purchased narcotics which yielded a presumptive positive result for cocaine. At approximately 7:52 p.m., law enforcement officers weighed the narcotics. The one clear Ziploc bag containing cocaine weighed approximately 255 grams.

9. On or about March 17, 2025, law enforcement officers utilized the CI to conduct a second controlled purchase of approximately 1.38 grams of cocaine for $100 from BAIRES at his residence. At approximately 6:15 p.m., law enforcement officers established surveillance positions on the inner and outer premises at the BAIRES residence. At approximately 6:27 p.m., the CI telephonically contacted BAIRES at phone number (786) 319-2942. The CI confirmed with BAIRES that he was inside his residence. At approximately 6:35 p.m., law enforcement officers observed the CI knock on the front door of the BAIRES residence. The CI utilized audio and video recording equipment to record.

10. BAIRES opened the front door of his residence and greeted the CI. The CI handed BAIRES $100 in the doorway of the BAIRES residence. BAIRES then handed the CI a clear Ziploc bag containing suspected cocaine in the doorway of the BAIRES residence. At approximately 6:37 p.m., BAIRES closed the front door to his residence. Law enforcement officers observed the CI walk away from the front door of the BAIRES residence.

11. Law enforcement officers took possession of the suspected narcotics. At approximately 7:00 p.m., law enforcement officers field tested the purchased narcotics which yielded a presumptive positive result for cocaine. Law enforcement officers photographed and

weighed the narcotics. The one clear Ziploc bag containing cocaine weighed approximately 1.38 grams.

12. On or about April 1, 2025, law enforcement officers utilized the CI to conduct a third controlled purchase of approximately 259 grams of cocaine for $5,800 from BAIRES at his residence. At approximately 5:00 p.m., law enforcement officers established surveillance positions on the inner and outer premises at the BAIRES residence.

13. At approximately 5:10 p.m., the CI telephonically contacted BAIRES at phone number (786) 319-2942. The CI confirmed with BAIRES that he had arrived at the BAIRES residence. At approximately 5:27 p.m., law enforcement officers observed the CI enter the BAIRES residence. While inside the BAIRES residence, the CI utilized audio and video recording equipment to record.

14. At approximately 5:35 p.m., the CI handed BAIRES $5,800 of purchase of evidence funds. BAIRES then handed the CI the clear Ziploc bag containing the suspected cocaine. At approximately 5:56 p.m., law enforcement officers took possession of the suspected narcotics.

15. At approximately 6:10 p.m., law enforcement officers executed a search warrant at the BAIRES residence. During the search, law enforcement officers found several bags containing suspected narcotics and currency. Law enforcement officers field tested the suspected narcotics and found approximately 900 grams of cocaine, 5 kilograms of marijuana, 11 grams of freebase

cocaine, 4 grams of MDMA, and 1 gram of methamphetamine. Approximately $20,000 in cash was discovered in the BAIRES residence. Ammunition was also found in the BAIRES residence.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
ALAN BARNETT
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATION

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time this __2nd__ day of April 2025.

_____
HONORABLE EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE